UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HASSAN ABDELLATIF, et al. | No. 21 CR 666<br><br>Judge Jorge L. Alonso |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

This matter coming before the Court, and the Court being fully advised and pursuant to Federal Rule of Criminal Procedure 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. Certain materials exchanged by the Parties, provided by the United States, or produced by third parties, in preparation for, or in connection with the proceedings in this case contain particularly sensitive information ("Sensitive Information"). Sensitive information includes, but is not limited to: (1) defendant and nonparty names, addresses, dates of birth, driver's license numbers, social security numbers, and other identifying information; and (2) defendant and nonparty financial information.

2. All materials containing Sensitive Information (the "Materials") are subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

3. The Materials shall be plainly marked as sensitive by the government prior to disclosure. Defendant and defendant's counsel shall not disclose the Materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

4. Absent prior permission from the Court, information marked as sensitive shall not be included in any public filing with the Court, and instead shall be submitted under seal (except if the defendant chooses to include in a public document sensitive information relating solely and directly to the defendant).

5. Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the Materials except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

6. Upon conclusion of all stages of this case, all of the Materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such Materials. In the event that the

Materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the Materials are so maintained, and the Materials may not be disseminated or used in connection with any other matter without further order of the Court.

7. To the extent any Material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within 14 days of the receipt of such a request, defendant and/or defendant's counsel shall return all such Material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified Material have been deleted from any location in which the Material was stored.

8. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case.

9. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

JORGE L. ALONSO
District Court Judge
United States District Court
Northern District of Illinois

Date: 2/17/2022